UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEROGEUX, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>PAUL WINKLER, et al.,<br><br>        Defendants. | Case No. 17-cv-00572 NC<br><br>**ORDER TO PLAINTIFF TO SHOW CAUSE RE: FEDERAL SUBJECT MATTER JURISDICTION** |

Federal courts are courts of limited jurisdiction and have power to adjudicate only those cases authorized by the Constitution and Congress. The burden of establishing subject matter jurisdiction rests with the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Here, plaintiff Perogeux, LLC must establish subject matter jurisdiction.

In the complaint, plaintiff alleges that subject matter jurisdiction is satisfied through diversity of citizenship under 28 U.S.C. § 1332, because plaintiff is a Texas Limited Liability Company and defendant KMC Partners LLC is a California Limited Liability Company. ECF 1. Yet for purposes of diversity, the Court must consider the citizenship of all members of the LLC, and if any member of the LLC is itself a partnership, association, or another LLC, the Court needs to know the citizenship of each "sub-member" as well. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th

Case No. 17-cv-00572 NC

1  Cir. 2006) ("an LLC is a citizen of every state of which its owners/members are citizens");
2  *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010) (the court should
3  insist that plaintiff establish citizenship of all LLC sub-members).  Furthermore, the party
4  invoking federal diversity jurisdiction must distinctly and affirmatively allege the
5  citizenship of LLC members.  *D.B. Zwirn Special Opp. Fund, LP v. Mehrotra*, 661 F.3d
6  124, 16-27 (1st Cir. 2011) (requiring filing of affidavits to establish diversity).  No party
7  can waive a defect in diversity jurisdiction.  *See Wis. Dep't of Corrs. v. Schacht*, 524 U.S.
8  381, 389 (1998).  And the Court must determine whether it has subject matter jurisdiction
9  before it may consider the merits of the dispute.  *Steel Co. v. Citizens for a Better*
10 *Environment*, 523 U.S. 83, 94 (1998).  Finally, the Court may sanction counsel under Fed.
11 R. Civ. P. 11 for diversity allegations that are not well-grounded in fact after a reasonable
12 inquiry.  *Hendrix v. Naphtal*, 971 F.2d 398, 400 (9th Cir. 1992).

13      In this case, plaintiff's allegations of diversity jurisdiction are insufficient.  Thus, by
14 March 17, 2017, plaintiff must file a declaration attesting to the citizenship of its members
15 and sub-members and to the citizenship of the members and sub-members of defendant
16 KMC Partners LLC, as of the date of the filing of the complaint.  *Grupo Dataflux v. Atlas*
17 *Global Group, LP*, 541 U.S. 567, 571 (2004) (diversity must exist at the time lawsuit
18 filed).  By March 20, KMC Partners may file a response to the plaintiff's jurisdictional
19 assertions.  If the Court lacks subject matter jurisdiction, it will dismiss the case without
20 prejudice.

21      **IT IS SO ORDERED.**

22 Dated:  March 15, 2017                                      _____
23                                                                              NATHANAEL M. COUSINS
                                                                                 United States Magistrate Judge

Case No. 17-cv-00572 NC                    2